## In re MARCEAU.

(Supreme Court, Special Term, New York County. July, 1900.)

1. DIVORCE—CUSTODY—KIDNAPPING.

 Where defendant had obtained a divorce from his wife, and was awarded the custody of their child by a court of competent jurisdiction, he could not be guilty of kidnapping the child.

2. SAME—HABEAS CORPUS.

 Where defendant was arrested on a warrant issued before indictment, he was entitled to have the legality of his arrest investigated on return of a writ of habeas corpus, under Code Civ. Proc. § 2031, providing that the judge before whom a prisoner is brought on the writ must examine into the facts, and discharge the prisoner if no lawful imprisonment is shown.

Habeas corpus by the people on relation of Theodore C. Marceau. Prisoner discharged.

Howe & Hummel, for petitioner.

Forbes J. Hennessy, Asst. Dist. Atty., for the People.

McADAM, J. The prisoner was arrested in the city of New York, by the chief of police thereof, under a warrant issued by the recorder of the city of Ogdensburg, on the charge of kidnapping. There being no denial by return filed, it must be taken as true, as alleged by the prisoner, that he obtained a divorce from his wife, and was awarded by a competent court the custody of the child, which bears his name,

and which he is charged with kidnapping. It was impossible for the prisoner to be guilty of kidnapping his own child under such circumstances. The warrant was issued before indictment, and the prisoner is, therefore, entitled to have the legality of his detention inquired into and passed upon. Code Civ. Proc. § 2031; People v. Martin, 1 Parker, Cr. R. 187, 189; Ex parte Tayloe, 5 Cow. 50, 51; People v. Sheriff of Chautauqua Co., 11 Civ. Proc. R. 172, 179; 15 Am. & Eng. Enc. Law (2d Ed.) 161. It cannot be that a mere ex parte complaint before a magistrate deprives the supreme court of its power under the writ of habeas corpus of determining whether the imprisonment of the citizen is justifiable or not, particularly where the warrant is to take him to a place remote from his home or friends. The prisoner committed no crime, and is entitled to his liberty.